MARTIN, Circuit Judge, concurring:
*965 This case presents technical questions about sovereign immunity. I join the majority opinion because I agree we have jurisdiction to review the denial of what the majority calls "immunity from suit" but lack jurisdiction to consider "immunity from liability." Maj. Op. at 958. Because I've noticed that those terms get used differently in different contexts, I write separately to explain my understanding of the way we use them here.
As I understand it, "immunity from suit" means the same thing as "forum immunity." Indeed, I read the majority opinion to use these terms interchangeably here. Maj. Op. at 960, 961; see also Stroud v. McIntosh, 722 F.3d 1294, 1303 (11th Cir. 2013). Forum immunity is a shorthand term for the well-established principle that a state cannot be sued in federal court without its consent. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54-55, 116 S.Ct. 1114, 1122-23, 134 L.Ed.2d 252 (1996) ; Stroud, 722 F.3d at 1302 n.3. Forum immunity is jurisdictional in nature. See Seminole Tribe, 517 U.S. at 54-55, 116 S.Ct. at 1122-23 ; Stroud, 722 F.3d at 1302 n.3. When a state or an arm of the state removes a case from state court to federal court, the state or arm of the state consents to federal jurisdiction and thus waives forum immunity. Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 616, 122 S.Ct. 1640, 1642, 152 L.Ed.2d 806 (2002). I concur in the majority's holding that the removal of this case by the original state defendants waived forum immunity for later-joined state defendants. Maj. Op. at 961-63. The District Court thus has jurisdiction to adjudicate this case.
Next, I understand what the majority calls "immunity from liability" to be in the nature of an affirmative defense. See Meyers ex rel. Benzing v. Texas, 410 F.3d 236, 254-55 (5th Cir. 2005) ; see also Stroud, 722 F.3d at 1303 (characterizing "immunity from liability" as a defense to a federal age discrimination claim). An immunity defense does not implicate a federal district court's jurisdiction. Rather, as with any affirmative defense, the question goes to the merits of whether the state can be held liable for the alleged violation. This court has said: waiving forum immunity does not preclude a state from asserting any and all immunity defenses to a claim once that claim proceeds in federal court. See id. This waiver of immunity from suit in federal court merely allows a U.S. District Court to take jurisdiction and adjudicate the case, including any immunity defense. The majority is right, here again, that we lack jurisdiction to review the denial of an immunity defense on interlocutory appeal, just as we would lack interlocutory jurisdiction to review the denial of any affirmative defense. Maj. Op. at 960.
I concur in the majority opinion.